UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- X
UNITED STATES OF AMERICA,

                  v.

RICHARD FRANCO,

LAZARUS FRANCO,

LATWON GARCIA,

DAMIEN GIRDNER,

FUQUAN JONES,

GEORGE LAURIANO,

JOHN LAURIANO,

JASON ROSARIO,

KENNETH SIDERS,

ISMAEL SIDIBE,

RASHEEN SMITH,

JOSE VALETTE,

LUKE WOOLFOLK,

                  Defendants.
-------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04-03-13

Ind. No. 12 Cr. 932 (TPG)

ORDER APPOINTING EMMA M. GREENWOOD AS COORDINATING ATTORNEY

EMMA M. GREENWOOD, ESQ. Is hereby appointed Coordinating Discovery Attorney for the defendants in the above-captioned case. Her duties are defined within this Order along with the basis for her appointment.

The Government alleges a conspiracy to distribute narcotics in and around the Southern District of New York including 154 Broome Street in Manhattan.

The Government is providing discovery which includes a variety of scanned documents, consensually monitored telephone calls, wiretaps with corresponding line sheets and/or transcripts, and up to eight (8) terabytes of video files. The number of defendants and their counsel raises the risk of costly duplicative efforts to organize the discovery. Accordingly, the Coordinating Attorney shall address discovery issues that will avoid potential duplicative costs if defense counsel were to employ support services or staff to organize the discovery themselves. Therefore, the Coordinating Attorney shall assess the most effective and cost-efficient manner in which to organize the discovery, utilizing methods such as the creation of a discovery index, that will benefit all defendants and avoid unnecessary trial delay. The Coordinating Attorney shall seek input from defense counsel as to their assessment on general discovery issues.

The Coordinating Discovery Attorney shall oversee any discovery issues that are common to all of the defendants. Discovery issues specific to any particular defendant shall be addressed by defense counsel directly with the Government and not through the Coordinating Attorney.

The Government shall provide discovery to the Coordinating Attorney. To avoid delay in providing any additional discovery to defense counsel, additional discovery shall be provided directly to the Coordinating Attorney, who, in turn, shall duplicate and distribute the discovery to all defense counsel. The Government shall work with the Coordinating Attorney to provide discovery in a timely manner consistent with the policies of this Court.

Defense counsel may still require support services for the particular needs of their case, but prior to petitioning for any support or staff funds, defense counsel must confer with the Coordinating Attorney to determine whether such services are already being addressed or could be addressed in whole or in part.

The Coordinating Attorney shall petition the Court, ex parte, for funds for staffing or outside services and shall monitor all vendor invoices. All petitions shall include a basis for the requested funds and a determination that the costs of the services are reasonable. The Coordinating Attorney shall also review all vendor invoices to assure that invoiced costs were for work agreed to be performed.

Dated: New York, New York
~~March 21, 2013~~
April 3, 2013

SO ORDERED:

_____
Hon. Thomas P. Griesa
United States District Judge