E1LUFRAP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA

       v.                      12 CR 932(TPG)

RICHARD FRANCO,

           Defendant.

------------------------------x

                              New York, N.Y.
                              January 21, 2014
                              3:20 p.m.

Before:

              HON. LORETTA A. PRESKA

                            District Judge

                 APPEARANCES

PREET BHARARA
    United States Attorney for the
    Southern District of New York
BY:  ANDREW B. BAUER
    SARAH R. KRISSOFF
    Assistant United States Attorneys

JOSH DRATEL
    Attorney for Defendant

E1LUFRAP

1              (Case called)
2              THE COURT:  United States against Richard Franco.
3              Is the government ready?
4              MR. BAUER:  Yes, your Honor.
5              Good afternoon.
6              Andrew Bauer and Sarah Krissoff for the government.
7              MS. KRISSOFF:  Good afternoon.
8              THE COURT:  Good afternoon.
9              Is the defense ready?
10             MR. DRATEL:  Yes.
11             Good afternoon.
12             Joshua Dratel for Mr. Franco who is seated beside me.
13             THE COURT:  Good afternoon.
14             Do I correctly understand that Mr. Franco wishes to
15   change his plea?
16             MR. DRATEL:  Correct.  He wishes to withdraw his plea
17   of not guilty and enter a plea of guilty to Count 1.
18             THE COURT:  Mr. Franco, would you stand and raise your
19   right hand.
20             (Defendant sworn)
21             THE COURT:  How old are you, sir?
22             THE DEFENDANT:  35.
23             THE COURT:  Sir, do you understand that you are now
24   under oath and if you answer my questions falsely, your answers
25   may later be used against you in a prosecution for perjury or

1    the making of a false statement?
2                THE DEFENDANT:  Yes, ma'am.
3                THE COURT:  Sir, where were you born?
4                THE DEFENDANT:  In Brooklyn, New York, ma'am.
5                THE COURT:  So you are a citizen of the United States?
6                THE DEFENDANT:  Yes, ma'am.
7                THE COURT:  You read, write, speak and understand
8    English, is that right?
9                THE DEFENDANT:  Yes, ma'am.
10               THE COURT:  Are you currently or have you recently
11   been under the care of a doctor or a psychiatrist?
12               THE DEFENDANT:  No, ma'am.
13               THE COURT:  Have you been hospitalized or treated
14   recently for alcoholism, narcotic addiction or any other type
15   of drug abuse?
16               THE DEFENDANT:  No, ma'am.
17               THE COURT:  Have you ever been treated for any form of
18   mental illness?
19               THE DEFENDANT:  No, ma'am.
20               THE COURT:  Are you currently under the influence of
21   any substance such as alcohol, drugs or any medication that
22   might affect your ability to understand what you are doing here
23   in court today?
24               THE DEFENDANT:  No, ma'am.
25               THE COURT:  Do you feel well enough to understand what

E1LUFRAP

1    you are doing here in court today?
2             THE DEFENDANT:  Yes, ma'am.
3             THE COURT:  Now, sir, have you received a copy of the
4    indictment against you, 12 Crim. 932?
5             THE DEFENDANT:  Yes, ma'am.
6             THE COURT:  Have you gone over it with Mr. Dratel?
7             THE DEFENDANT:  Yes, ma'am.
8             THE COURT:  Has he explained to you the charges
9    against you?
10            THE DEFENDANT:  Yes, ma'am.
11            THE COURT:  Have you told him everything you know
12   about the matters that are set out in the indictment?
13            THE DEFENDANT:  Yes, ma'am.
14            THE COURT:  You haven't held anything back from him,
15   have you, sir?
16            THE DEFENDANT:  No, ma'am.
17            THE COURT:  Counsel, do I correctly understand that
18   there is an agreement between the defendant and the government
19   which is dated December 11, 2013 and signed January 21, 2014?
20            MR. BAUER:  Yes, your Honor.
21            MR. DRATEL:  Yes, your Honor.
22            THE COURT:  And may I ask the government to summarize,
23   please, the terms and conditions in the agreement?
24            MR. BAUER:  Sure, your Honor.
25            The defendant is agreeing to plead guilty to Count 1

1   of the indictment which is a conspiracy to distribute
2   controlled substances, specifically, cocaine and even more
3   specifically, five kilograms and more of cocaine.  The
4   defendant has agreed to an offense level of 35 and has agreed
5   with the government that his criminal history category is a
6   III, therefore, his guidelines range is 210 to 262 months of
7   imprisonment with a mandatory minimum term of 120 months.
8           (Discussion off the record between defendant and
9   counsel)
10          THE COURT:  Mr. Franco, are those the terms and
11  conditions of the agreement as you understand them?
12          THE DEFENDANT:  Yes, ma'am.
13          THE COURT:  Counsel, before we started, we had an
14  off-the-record conversation in which we agreed that on page 2
15  of the agreement at item numbered 4, the sentencing guidelines
16  provision that is referred to is Section 3B1.1(a), is that
17  right?
18          MR. BAUER:  Yes, your Honor.  In particular, it is
19  appropriate because he was the organizer or leader and the
20  criminal activity involved five or more persons.
21          THE COURT:  Is that correct, Mr. Dratel?
22          MR. DRATEL:  Yes, your Honor.
23          THE COURT:  Mr. Franco, did you recall that in this
24  agreement you and the government have agreed to a stipulated
25  guidelines range of 210 to 262 months' imprisonment with a

1   mandatory minimum of 120 months?  Did you recall that, sir?
2              THE DEFENDANT:  Yes, ma'am.
3              THE COURT:  And, sir, did you also recall that in this
4   agreement, you have agreed not to appeal or otherwise litigate
5   a sentence within or below the 210 to 262 months range?  Did
6   you understand that, sir?
7              THE DEFENDANT:  Yes, ma'am.
8              THE COURT:  And, sir, have you had enough time to
9   review the agreement and to go over it with Mr. Dratel and to
10  have all of your questions answered?
11             THE DEFENDANT:  Yes, ma'am.
12             THE COURT:  And do I correctly understand that your
13  willingness to offer to plead guilty is in part a result of
14  this agreement between you and the government?
15             THE DEFENDANT:  Yes, ma'am.
16             THE COURT:  I am holding up the original of the
17  agreement and I am turning to the last page.  Is that your
18  signature, sir, on the left-hand side where I am pointing under
19  the words "agreed and consented to"?
20             THE DEFENDANT:  Yes, ma'am.
21             THE COURT:  Counsel, are there any additional
22  agreements between the defendant and the government which are
23  not set forth in the written plea agreement?
24             MR. BAUER:  No, your Honor.
25             MR. DRATEL:  No, your Honor.

1    THE COURT:  Then the agreement is acceptable to the
2    Court.
3              Now, Mr. Franco, have you been induced to offer to
4    plead guilty as a result of any fear, pressure, threat or force
5    of any kind?
6              THE DEFENDANT:  No, ma'am.
7              THE COURT:  Have you been induced to offer to plead
8    guilty as a result of any statements by anyone other than in
9    your written plea agreement to the effect that you would get
10   special treatment or special leniency or some kind of special
11   consideration if you pleaded guilty rather than going to trial?
12             THE DEFENDANT:  No, ma'am.
13             THE COURT:  And do you understand that you have the
14   right to continue in your plea of not guilty and to proceed to
15   trial?
16             THE DEFENDANT:  Yes, ma'am.
17             THE COURT:  Do you understand that if you do not plead
18   guilty, you have a right to a speedy and public trial by a jury
19   of 12 persons?
20             THE DEFENDANT:  Yes, ma'am.
21             THE COURT:  Do you understand that you have the right
22   to be represented by an attorney at trial and at every stage of
23   the proceedings, including an appeal, and if you cannot afford
24   an attorney, one will be appointed to represent you free of
25   charge?

1    THE COURT:  Then the agreement is acceptable to the
2    Court.
3              Now, Mr. Franco, have you been induced to offer to
4    plead guilty as a result of any fear, pressure, threat or force
5    of any kind?
6              THE DEFENDANT:  No, ma'am.
7              THE COURT:  Have you been induced to offer to plead
8    guilty as a result of any statements by anyone other than in
9    your written plea agreement to the effect that you would get
10   special treatment or special leniency or some kind of special
11   consideration if you pleaded guilty rather than going to trial?
12             THE DEFENDANT:  No, ma'am.
13             THE COURT:  And do you understand that you have the
14   right to continue in your plea of not guilty and to proceed to
15   trial?
16             THE DEFENDANT:  Yes, ma'am.
17             THE COURT:  Do you understand that if you do not plead
18   guilty, you have a right to a speedy and public trial by a jury
19   of 12 persons?
20             THE DEFENDANT:  Yes, ma'am.
21             THE COURT:  Do you understand that you have the right
22   to be represented by an attorney at trial and at every stage of
23   the proceedings, including an appeal, and if you cannot afford
24   an attorney, one will be appointed to represent you free of
25   charge?

1                THE DEFENDANT:  Yes, ma'am.

2                THE COURT:  Do you understand that if your plea of

3     guilty is accepted, there will be no further trial of any kind?

4                THE DEFENDANT:  Yes, ma'am.

5                THE COURT:  Do you understand that if you pleaded not

6     guilty and went to trial, that upon such a trial you would be

7     presumed innocent unless and until the government proved your

8     guilt beyond a reasonable doubt to all 12 jurors?

9                THE DEFENDANT:  Yes, ma'am.

10               THE COURT:  Do you understand that at such a trial you

11    would have the right to confront and cross-examine all of the

12    witnesses called by the government against you?

13               THE DEFENDANT:  Yes, ma'am.

14               THE COURT:  And do you understand that at such a trial

15    you would have the right to remain silent and no inference

16    could be drawn against you by reason of your silence or, if you

17    wanted to, you could take the stand and testify in your own

18    defense?

19               THE DEFENDANT:  Yes, ma'am.

20               THE COURT:  Do you understand that at such a trial you

21    would have the right to subpoena witnesses and evidence for

22    your own defense?

23               THE DEFENDANT:  Yes, ma'am.

24               THE COURT:  Do you understand that if your offer to

25    plead guilty is accepted, you give up these rights with respect

1    to this charge against you and the court may impose sentence
2    just as though a jury had brought in a verdict of guilty
3    against you?
4            THE DEFENDANT:  Yes, ma'am.
5            THE COURT:  Do you understand that if you wanted to
6    and if the government agreed, you could have a trial before a
7    judge without a jury, in which event the burden of proof would
8    still be on the government and you would still have the same
9    constitutional rights?
10           THE DEFENDANT:  Yes, ma'am.
11           THE COURT:  Sir, do you understand that upon your plea
12   of guilty to this charge, the Court has the power to impose
13   upon you a maximum sentence of life imprisonment, a mandatory
14   period of imprisonment of 10 years, a maximum period of
15   supervised release of life, a mandatory minimum period of
16   supervised release of five years, a maximum fine of the
17   greatest of $10 million, twice the gross pecuniary gain
18   resulting from the offense or twice the gross pecuniary loss
19   resulting from the offense, together with a $100 mandatory
20   special assessment?
21           THE DEFENDANT:  Yes, ma'am.
22           THE COURT:  Sir, do you understand that if the terms
23   and conditions of supervised release are violated, you may be
24   required to serve an additional period of imprisonment which is
25   equal to the period of supervised release with no credit or

1   time off for time already spent on supervised release?

2              THE DEFENDANT:  Yes, ma'am.

3              THE COURT:  Have you discussed the sentencing

4   guidelines with your attorney?

5              THE DEFENDANT:  Yes, ma'am.

6              THE COURT:  And do you understand that the court will

7   not be able to determine exactly what guideline applies to your

8   case until after a presentence report has been completed and

9   you and your attorney and the government have a chance to read

10  it and to challenge the facts that are set out there by the

11  probation officer?

12             THE DEFENDANT:  Yes, ma'am.

13             THE COURT:  And do you also understand, sir, that in

14  determining a sentence, it is the Court's obligation to

15  calculate the applicable sentencing guidelines range and then

16  to consider that range, possible departures from that range

17  under the guidelines and other sentencing factors set out in

18  the statute, 18, United States Code, Section 3553(a)?

19             THE DEFENDANT:  Yes, ma'am.

20             THE COURT:  And do you understand that under some

21  circumstances as set forth in your plea agreement, either you

22  or the government might have the right to appeal whatever

23  sentence is imposed?

24             THE DEFENDANT:  Yes, ma'am.

25             THE COURT:  And do you also understand that parole is

1   abolished, so if you are sentenced to prison, you will not be
2   released on parole?
3           THE DEFENDANT:  Yes, ma'am.
4           THE COURT:  Do you understand that you will not be
5   able to withdraw your plea on the ground that your lawyer's
6   prediction or anybody else's prediction about the applicable
7   sentencing guidelines range or about the actual sentence turns
8   out not to be correct?
9           THE DEFENDANT:  Yes, ma'am.
10          THE COURT:  Do you understand that the offense to
11  which you are pleading guilty is a felony?
12          THE DEFENDANT:  Yes, ma'am.
13          THE COURT:  Are you fully satisfied with the advice,
14  counsel and representation given to you by your attorney, Mr.
15  Dratel?
16          THE DEFENDANT:  Yes, ma'am.
17          THE COURT:  And do I correctly understand that you are
18  offering to plead guilty because you are in fact guilty?
19          THE DEFENDANT:  Yes, ma'am.
20          THE COURT:  Sir, if you wish to plead guilty, I'm
21  going to ask you to tell me what you did.  And as you can see,
22  your answers will be made in Mr. Dratel's presence and will be
23  recorded on the record.  I remind you that you are still under
24  oath, so if you answer falsely, your answers may later be used
25  against you.  Do you understand, sir?

1           THE DEFENDANT:  Yes, ma'am.
2           THE COURT:  And do you still wish to plead guilty?
3           THE DEFENDANT:  Yes, ma'am.
4           THE COURT:  Tell me what you did, Mr. Franco.
5           THE DEFENDANT:  I sold cocaine in the vicinity of 154
6    Broome Street.
7           THE COURT:  And that is here in Manhattan?
8           THE DEFENDANT:  Yes, ma'am.
9           THE COURT:  Now, you weren't working all by yourself
10   when you did that, were you, sir.
11          THE DEFENDANT:  No, ma'am.
12          THE COURT:  And taking into account the drugs that
13   other folks you knew of sold as well, is it fair to say that
14   the drugs you and the others sold totaled five kilos or more of
15   cocaine?
16          THE DEFENDANT:  I guess -- yes, ma'am, yes.
17          THE COURT:  Taken together, not just you?
18          THE DEFENDANT:  Yes, ma'am.
19          THE COURT:  When did that happen?
20          THE DEFENDANT:  2007 and on, ma'am.
21          THE COURT:  Up until 2012, would you say?
22          THE DEFENDANT:  Yes, ma'am.
23          THE COURT:  You knew that that was unlawful, didn't
24   you, sir?
25          THE DEFENDANT:  Yes, ma'am.

1                THE COURT:  Thank you.
2                Mr. Bauer, is there anything further by way of
3    allocution?
4                MR. BAUER:  No, your Honor.
5                THE COURT:  Does the government represent that it has
6    sufficient evidence to make a prima facie case?
7                MR. BAUER:  Yes, your Honor.
8                THE COURT:  Mr. Dratel, do you know of any valid legal
9    defense this would prevail if Mr. Franco went to trial?
10               MR. DRATEL:  No, your Honor.
11               THE COURT:  Do you know of any reason why he should
12   not plead guilty?
13               MR. DRATEL:  No, your Honor.
14               THE COURT:  The plea is accepted.  It is the finding
15   of the Court in the case of United States against Richard
16   Franco, that the defendant is fully competent and capable of
17   entering an informed plea and that his plea of guilty is
18   knowing and voluntary and is supported by an independent basis
19   in fact containing each and every essential element of the
20   offense.  My findings are based upon Mr. Franco's allocution
21   and, in addition, upon my observations of Mr. Franco here in
22   court today.  The plea of not guilty is withdrawn.  The plea of
23   guilty is accepted and shall be entered.  The defendant is now
24   adjudged to be guilty of the offense.
25               Now, Mr. Franco, as you know, you will be required to

1  meet with the probation officer and to give the officer certain
2  information to be included in the presentence report.  Mr.
3  Dratel may be present with you when you meet with the probation
4  officer if you like, but both you and he and the government
5  will have the chance to read the presentence report prior to
6  sentencing.
7             Sentencing will be on --
8             THE DEPUTY CLERK:  -- Wednesday, April 30, 4:30 p.m.
9  before Judge Griesa.
10            THE COURT:  Is there anything further today, counsel?
11            MR. BAUER:  No, your Honor, except to thank your Honor
12 for making herself available on short notice because of the
13 weather.
14            THE COURT:  Of course.
15            MR. DRATEL:  I thank your Honor also.
16            Just as a matter of course now, but I would want to be
17 present at the presentence interview.
18            THE COURT:  Yes, sir.
19            Thank you for coming in on the snow, ladies and
20 gentlemen.
21            Good afternoon.
22
23                           o   0   o
24
25