```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                         12 CR 0932-01 (TPG)

RICHARD FRANCO,

                Defendant.

------------------------------x
                                       New York, N.Y.
                                       August 14, 2015
                                       2:35 p.m.


Before:

                 HON. THOMAS P. GRIESA,

                                       District Judge


                       APPEARANCES


PREET BHARARA,
     United States Attorney for the
     Southern District of New York
ANDREW BAUER
SARAH KRISSOFF
     Assistant United States Attorneys

JOSHUA LEWIS DRATEL
WHITNEY SCHLIMBACH
     Attorneys for Defendant
```

1           (In open court)

2           (Case called)

3           MR. BAUER:  Hello, your Honor.  Good afternoon. Andrew Bauer for the government.

5           THE COURT:  Sit down, please.  Sit down, everybody.

6           MR. DRATEL:  I'll just stand for my appearance, your Honor.  Good afternoon, your Honor.  Joshua Dratel for Richard Franco, who's seated beside me.  Also from my office attending is Whitney Schlimbach.

10          THE COURT:  Mr. Bauer is going to speak for the government?

12          MR. BAUER:  Yes, your Honor.  I'm sorry, your Honor. If I may note, my colleague, Sara Krissoff, was here. Magistrate court just called her down to appear; so she may come back up in the middle of the proceeding.  I just wanted to put that on the record.

17          THE COURT:  I certainly understand.  Certainly understand.  Who will speak for the defense, is it Mr. Dratel?

19          MR. DRATEL:  Yes, your Honor.  Thank you.

20          THE COURT:  Now, there are many people in the back of the room.  Can I just know who they are?

22          MR. DRATEL:  Yes, your Honor.  Many family, friends, Mr. Franco's two young daughters, their mother, his sister, brothers and, again, friends and family of Mr. Franco, many of whom are the letter writers to the Court.

1        THE COURT:  Well, I want to say I appreciate all of
2   you coming to court.  I appreciate it very, very much.
3        FROM THE FLOOR:  Thank you.
4        MR. BAUER:  Judge, may I suggest that we begin by
5   talking about the guidelines?  There are a couple of open
6   issues from Mr. Dratel's letter, unless you have -- obviously,
7   if you have another idea.
8        THE COURT:  Well, I'll come back to that, but let's
9   proceed with something else for a bit.  All right?  I think I'd
10  like to hear from Mr. Dratel.  You've gone over the presentence
11  report, right?
12       MR. DRATEL:  Yes, your Honor.
13       THE COURT:  Any objections?
14       MR. DRATEL:  Yes, your Honor, we have some, and if the
15  Court wants to hear them, I'll list them now.
16       THE COURT:  Why don't you do that.
17       MR. DRATEL:  Okay.  Thank you, your Honor.
18  Unfortunately, none of these -- even though we submitted them,
19  I don't know why they weren't addressed in the presentence
20  report.  So I'll just have to go through those that were in the
21  letter that we've attached as an exhibit, but that the --
22       THE COURT:  What paragraph are you referring to?
23       MR. DRATEL:  Oh, Paragraph 2.
24       THE COURT:  All right.
25       MR. DRATEL:  That the conspiracy charged a couple of

different controlled substances, but as reflected in the plea agreement, Mr. Franco pleaded guilty to selling cocaine is the only substance that's in the plea agreement to which he pleaded guilty.

THE COURT: What is your objection to Paragraph 2?

MR. DRATEL: Because it just lists the charge as having three substances in it when, in fact, he only pleaded guilty to one substance. It's more of a technical objection, your Honor. It doesn't affect the guideline analysis at all.

THE COURT: All right. I understand.

MR. DRATEL: We asked, with respect to paragraph 58 -- let me move on to the ones that matter because, otherwise, it's just too long, and some of them are more technical than others. So Paragraph 90.

THE COURT: All right. Let's go to Paragraph 90.

MR. DRATEL: In the presentence report -- and this only occurs in the final presentence report and not in the draft; so we did not have a chance to address this with probation, but they categorize Mr. Franco as a career offender, and we believe that it is incorrect because, you know, the offense that's used to classify him as a career offender was a youthful offender adjudication in New York State in which Mr. Franco served the sentence in a juvenile facility. He served it at the Adirondack Detention Center -- I'm sorry, the Adirondack Wilderness Center, which is a detention for youth

1   center.

2          It's a technical language for New York State, but so
3   that would disqualify it under the case law.  But I don't know
4   that probation even considered that because, as I said, it only
5   shows up in the final report and not in the draft report.

6          So we also object to the criminal history category,
7   placing him in category VI.  We believe that he should be in
8   category III, as set forth in the plea agreement because we
9   believe that that youthful offender adjudication, because it
10  was served in a juvenile facility, also affects its ability to
11  be counted at all to his criminal history, and we believe
12  that --

13         THE COURT:  Was there a written plea agreement?
14         MR. DRATEL:  Yes, there is, your Honor.  And that has
15  him in category III, the plea agreement.
16         THE COURT:  All right.  Could somebody help me out, if
17  I could just borrow a copy of the plea agreement.
18         MR. BAUER:  I have one.  Sorry.  I thought I had one.
19         MR. DRATEL:  Do you need it?
20         THE DEPUTY CLERK:  Do you have it?
21         MR. DRATEL:  Yes.
22         THE DEPUTY CLERK:  Thank you.
23         MR. BAUER:  I thought I had one.
24         THE COURT:  Mr. Dratel, you go ahead now.
25         MR. DRATEL:  Okay.  Thank you, your Honor.

1           Then also paragraph 128, again, the criminal history
2    category.
3           Also, paragraph 126, that just lists the criminal
4    history categories.  We would object to the category that's in
5    the presentence report and substitute category III for that.
6           We also proposed factors that we believe take the case
7    outside of the guidelines range from 3553(a) with respect to
8    Mr. Franco's medical issues and other issues that I was going
9    to talk about in my general sentencing presentation.
10          THE COURT:  Look, I don't like to cut off the
11   discussion, but for my own purposes, any discussion of a
12   possible sentence of above the mandatory minimum is academic,
13   and I know there's a lot that could be said, if the Court was
14   considering a sentence substantially above the mandatory
15   minimum, but it is really not going to be of use to me
16   because -- and I'll say this without even letting you finish,
17   Mr. Dratel -- I have no intention of going above the mandatory
18   minimum.
19          MR. DRATEL:  Your Honor --
20          THE COURT:  I'll tell you that right now.
21          MR. DRATEL:  Your Honor, I don't have to say anything,
22   then, if that's the case.  I don't need to hear myself speak or
23   repeat what we put in the paper.  I just want to thank the
24   friends and family for being here to support Mr. Franco, and I
25   thank the Court as well.

1              THE COURT:  Mr. Franco, would you like to say
2     anything?
3              THE DEFENDANT:  Yes, your Honor.  First off, I would
4     like to thank you for allowing me to speak to you today.
5              Second of all, I would like to apologize for being
6     part of this case that's in front of you.
7              Also, I would like to take the time out to apologize
8     to my family.
9              THE COURT:  All right.  Thank you very much.
10             MR. BAUER:  Judge, just to close the book on the
11    guideline conversation, just so we have your finding on the
12    record.  It sounds like you've already determined what your
13    sentence will be, but for the guidelines calculation, are you
14    adopting the guidelines as calculated in the PSR?
15             THE COURT:  I think there's some controversy about
16    those guidelines; is there not?
17             MR. BAUER:  There are, your Honor, and so --
18             THE COURT:  Well, the thing is --
19             MR. BAUER:  You're right, that it's academic --
20             THE COURT:  I'd hate to have to tell you that it's of
21    no use to me to try to hear arguments about that and adjudicate
22    things that are completely academic to my sentence.
23             MR. BAUER:  Okay.  So then, Judge, just to have a
24    complete record, while the government does not concede all of
25    the arguments that Mr. Dratel had made, I think in order to

1    create some unanimity on the guidelines, the government, for
2    this case and this case only, is willing to concede that
3    Mr. Franco does not satisfy the career offender guidelines
4    requirements.  Namely, because the one sentence that Mr. Dratel
5    is discussing, he didn't serve that in an adult institution
6    but, rather, a juvenile institution.
7             So for that reason, the government is willing to agree
8    that the guidelines for Mr. Franco should not be dictated by
9    the career offender provisions and, therefore, the operative
10   offense level should be a 33, the criminal history should be a
11   level III and, therefore, the operative guideline range is 168
12   to 210.
13            So if your Honor is comfortable, since all the parties
14   are in agreement, then, if you just adopt those guidelines and
15   then your finding of 120 months can be a variance downward from
16   there.
17            THE COURT:  What you said is very helpful for the
18   record here.  This is very helpful, and I adopt what you say.
19            MR. BAUER:  Thank you, your Honor.  May I also ask if
20   you adopt the factual findings in the PSR as well?
21            THE COURT:  Yes, I do.
22            I'll proceed with the sentence.  The sentence is
23   imposed on the one count that requires the decision of the
24   Court, and that is Count One, and the statutory minimum
25   sentence for that count is ten years' prison, and I'm imposing

1     a sentence which is the statutory minimum of ten years.
2             I'm imposing a sentence of five years' supervised
3     release, to be served following the prison.  There will be a
4     $100 special assessment.
5             Now, there's a recommendation from the defense that
6     the defendant be afforded the benefit of what is referred to as
7     the RDAP program, which has to do with drug abuse
8     rehabilitation.  There's a request from the defense that the
9     defendant be assigned to a facility near his family in New York
10    City.
11            MR. DRATEL:  Your Honor, we have a specific
12    institution of Fort Dix for a recommendation, if the Court will
13    do that.
14            THE COURT:  I will put it in the judgment that there
15    is a recommendation to Fort Dix.
16            MR. DRATEL:  Thank you, your Honor.
17            THE COURT:  That's completely reasonable.
18            So aside from matters which will be recommendations in
19    the judgment, let me reiterate.  Ten years in prison, which is
20    the equivalent of 120 months in prison; five years' supervised
21    release; $100 special assessment, and then there will be
22    certain matters recommended in the judgment, as I've indicated.
23            Has there been a waiver of the right of appeal or
24    motion, under the circumstances?
25            MR. BAUER:  There has been, your Honor, in the plea

1    agreement.  The defendant agreed to waive an appeal if he was

2    sentenced to anything below, I believe, 262 months of

3    imprisonment.

4             THE COURT:  All right.  So there has been a waiver of

5    a right of appeal or motion.

6             Any other matters that he is entitled to assert under

7    the law, of course, he can do so, but the main thing is the

8    waiver of the right of appeal or motion against the conviction

9    and sentence.

10            Is there anything else?

11            MR. BAUER:  Judge, the defendant pled guilty to Count

12   One, but he was also charged in, I believe, Count Two; so the

13   government will move to dismiss that open count at this time.

14            THE COURT:  Motion granted.

15            MR. BAUER:  And, Judge, just from the government's

16   perspective, this is the conclusion of a long case, 13

17   defendants; so we thank you for your attention to the matter.

18            THE COURT:  Well, the people involved, including the

19   government attorneys, have been, needless to say, helpful to

20   the Court in every way.

21            I want to, again, thank the people who came, relatives

22   and friends who came and are sitting in the back of the room.

23   Anyone, whether they've committed a serious crime or not,

24   anyone facing imprisonment needs, now and in the future, the

25   support of family and friends, and you have indicated such

F8EPFRAS

1    support by your attendance here and I greatly appreciate it.
2                That concludes our proceeding.  Thank you.
3                MR. BAUER:  Thank you, your Honor.
4                MR. DRATEL:  Thank you, your Honor.
5                (Adjourned)